IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GAIL M. WITTER,<br>Plaintiff,<br><br>vs.<br><br>FIA CARD SERVICES, N.A., a foreign corporation, EQIUFAX INFORMATION SERVICES, LLC., a limited liability company, EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation, TRANSUNION, LLC., a limited liability company,<br><br>Defendants. | )<br>)<br>)<br>) Civil Action File No.:<br>) 1:09-CV-2270-CAM-AJB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## GAIL WITTER'S BRIEF IN OPPOSITION TO FIA CARD SERVICES, N.A.'S PRETRIAL MOTION TO DISMISS

COMES NOW, GAIL WITTER, ("WITTER"), Plaintiff in the above-styled case and files, by and through her undersigned counsel, this her Brief in Opposition to FIA Card Services, N.A.'s Pretrial Motion to Dismiss. On November 10, 2009, FIA moved to dismiss the willful defamation claim against FIA Card Services, N.A. ("FIA") based upon an incorrect start date of the one-year statute of limitations. In support of the Witter's Brief in Opposition thereof, she shows this Court the following:

## I. Summary of Relevant Allegations

This suit arises from a credit reporting dispute relating to Bank of America credit card accounts numbered ****-****-****-9989 (the "9989 Account") and ****-****-****-0052 (the "0052 Account"), respectively. On December 17, 2007, the Plaintiff received credit reports from the three major credit reporting agencies. The 9989 and 0052 Account appeared on the Trans Union and Experian reports. (ex. Compl. at ¶¶ 49(A), 49(B).) As for the Equifax report, only the 9989 Account appeared. (*Id.* at 49(A).)

The Plaintiff has always merely been an authorized user of the 9989 Account and not a primary or secondary card holder. (*Id.* at ¶ 24). As for the 0052 Account, the Plaintiff and her husband never applied for such an account. (*Id.* at ¶¶49(C), 50(B).) Plaintiff advised F.I.A. of the above facts and disputed the alleged reports on several occasions between 2007 and January 2009. In spite of this F.I.A. failed to take corrective action to either properly investigate, to advise the credit reporting agencies and/or to remove the information from the credit reports.

On or about January *2009*, Plaintiff suffered the following damages: (1) a reduction in an existing American Express credit line; (2) a denial of refinancing for her residence from Diamond Mortgage and Investments; (3) a reduction in an

existing FIA line-of-credit; and (4) a denial of refinancing of her residence from SunTrust Bank. (*Id.* at ¶ 51.) Even after the Plaintiff suffered these damages, FIA continued to publish the negative account information as evidenced by Plaintiff's March 06, 2009 report from Trans Union and her March 07, 2009 report from Experian. (*Id.* at ¶¶54, 55.)

In the Complaint, more specifically the willful defamation of credit claim, the Plaintiff alleged damages including but not limited to a denial of credit and a lost opportunity to receive credit. (*Id.* at 94.) Both complaints relate to the January 2009 damages. Furthermore, the Plaintiff alleged actual damages in an amount to be determined later at trial. (*Id.* at 95.)

## II. Argument and Citation to Authority

### A. Standard of Review for Motion to Dismiss

A "court should only grant a motion to dismiss where the defendant demonstrates that the plaintiff cannot prove any set of facts in support of [a] claim which would entitle [the Plaintiff] to relief. Moreover, when ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citations omitted).

Here, contrary to the Defendant's contentions, the well-pleaded above-referenced facts would entitle the Plaintiff to relief for the January of 2009 willful defamation of credit claim.

**B.    Plaintiff's Defamation Claim Is Not Time-Barred**

Georgia law defines libel as a "false and malicious defamation of another, expressed in print...tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule." O.C.G.A. § 51-5-1. "A viable defamation claim under Georgia law consists of (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm." *Mathis v. Cannon*, 276 Ga. 16, 20-21, 573 S.E.2d 376 (Ga. 2002) (punctuation omitted).

A written defamatory statement is actionable as either libel per se or libel per quod. *Macon Telegraph Pub. Co. v. Elliott*, 165 Ga.App. 719, 723, 302 S.E.2d 692, 696 (1983). "Libel per se consists of a charge that one is guilty of a crime, dishonesty or immorality." *Barber v. Perdue*, 194 Ga.App. 287, 288, 390 S.E.2d 234 (1989) (citations and punctuation omitted). However, "[a]n allegation that one owes a delinquent debt does not impute that he has committed a crime" and thus is not defamatory per se. *Sumner v. First Union National Bank of Georgia*, 200

Ga.App. 729, 730, 409 S.E.2d 212, 214 (1991) (citations omitted). Indeed, "the mere statement that a person who is not a trader or merchant . . . owes a debt which is long past due, is not libelous per se . . . ." *Id.* (citation omitted); *see also Hoffman-Pugh v. Ramsey*, 193 F.Supp.2d 1295 (N.D.Ga.,2002). Thus, the Plaintiff's willful defamation claim is a libel per quod claim.

Defamation not amounting to slander per se or libel per se requires proof of special damages. *Zarach v. Atlanta Claims Ass'n*, 231 Ga.App. 685, 500 S.E.2d 1 (1998). Special damages resulting from defamation "must be the loss of money, or of some other material temporal advantage capable of being assessed in monetary value." *Id.* (citation omitted). Here, the Plaintiff has suffered special damages resulting from the defamation including but not limited to a denial of credit and a lost opportunity to receive credit. (Compl. at ¶94.) Plaintiff's damages are capable of being assessed in an amount to be determined later at trial. (*Id.* at ¶95.)

FIA correctly points out that the statute of limitations for "[a]ctions . . . for injuries to the reputation . . . shall be brought within one year after the right of action accrues . . . ." O.C.G.A. § 9-3-33. Thus, any claim based on credit reports pulled by Diamond Mortgage, FIA, and American Express in the beginning of 2009 are subject to this one-year statute of limitations. While FIA references November 15, 2005 and "sometime in 2007," in its Pretrial Motion to Dismiss,

these dates are inapposite to the Plaintiff's January of 2009, libel per quod claim. As detailed above, neither of these dates is the correct commencement date of the relevant Statute of Limitations.. Instead, the statute of limitations began to run when the Plaintiff suffered the special damage alleged in January, 2009.

The Plaintiff's libel per quod claim did not arise until she suffered the above-referenced special damages. "Pursuant to OCGA § 51-5-4(b), special damages must be shown to establish a cause of action based on mere derogatory remarks." *Connell v. Houser*, 189 Ga.App. 158, 159, 375 S.E.2d 136, 139 (1988); *see also Jamison v. First Georgia Bank*, 193 Ga. App. 219(3), 387 S.E.2d 375 (1989); *Southeast Bankcard Ass'n v. Woodruff*, 124 Ga.App. 478, 184 S.E.2d 191 (1971). Thus, Plaintiff's libel per quod claim arose in January of 2009, which, since her complaint was filed on August 19, 2009, is within the applicable one-year statute of limitations under O.C.G.A. § 9-3-33.

As for the reference to 2007 in the Plaintiff's Complaint at Paragraph 93, FIA reads this date out of context. The reference to 2007 merely establishes the time frame and a history in which the negative account information began to be published for purposes of O.C.G.A. § 51-5-1. This reference has no operative legal effect. Instead, a claim for libel per quod arises only once special damages are suffered as required by O.C.G.A. § 51-5-4(b).

Even if the reference to 2007 is read in the manner Defendant suggests, the applicable standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6) requires the Defendant to show that the Plaintiff cannot prove any set of facts entitling her to relief. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). As discussed above, the detailed facts contained within the Plaintiff's Complaint are sufficient to demonstrate a set of facts entitling her to relief based upon the special damages she suffered in January of 2009. Thus, the Defendants motion should be denied.

### III. Conclusion

For the reasons set forth above, the Plaintiff respectfully requests that FIA's Pretrial Motion to Dismiss be denied.

Respectfully submitted this 25th day of November, 2009.

Respectfully submitted,

Cary S. King
Georgia Bar No. 419810
Jeremy R. Handschuh
Georgia Bar No 418099

SLATER & KING
Attorneys for Plaintiff
400 Colony Square, Suite 1100
1201 Peachtree Street, N.E.
Atlanta, Georgia 30361
Telephone: 404.888.0500

Email: caryking@slaterking.com
jeremy@gjacobslaw.com

CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **GAIL WITTER'S BRIEF IN OPPOSITION TO FIA CARD SERVICES, N.A.'S PRETRIAL MOTION TO DISMISS** upon the following CM/ECF participants via the CM/ECF electronic filing system:

Cinnamon V. Davis
cdavis@phrd.com, kbryson@phrd.com

Alex Michael Barfield
abarfield@hplegal.com, cfrancis@hplegal.com

Tasheika Hinson
thinson@jonesday.com, bvalmond@jonesday.com

Cara Hergenroether
chergenroether@sklaw.com

This 25th day of November, 2009.

Cary S. King
Ga. Bar No. 419810
Jeremy R. Handschuh
Ga. Bar No 418099

SLATER & KING
Attorneys for Plaintiff
400 Colony Square, Suite 1100
1201 Peachtree Street, N.E.
Atlanta, Georgia 30361
Telephone: 404.888.0500
Email: caryking@slaterking.com
       jeremy@gjacobslaw.com