# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GAIL M. WITTER,  )<br>  )<br>   Plaintiff,  )<br>  )<br>v.  )<br>  )<br>FIA CARD SERVICES, N.A.,  )<br>EQIUFAX INFORMATION  )<br>SERVICES, LLC., EXPERIAN  )<br>INFORMATION SOLUTIONS, INC.,  )<br>and TRANSUNION, LLC.,  )<br>  )<br>   Defendants.  ) | Civil Action File No.:<br>1:09-CV-2270-CAM-AJB |

## FIA CARD SERVICES, N.A.'S REPLY BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), this Court should dismiss with prejudice Plaintiff Gail Witter's defamation claim against FIA Card Services, N.A. ("FIA") because this claim is expressly time-barred. In her response brief, Plaintiff concedes that her defamation claim is governed by a one-year statute of limitations pursuant to O.C.G.A § 9-3-33. However, Plaintiff ignores her own pleadings, which make clear that her claim arises from FIA's publishing of alleged defamatory credit information beginning at least by November 2005. Plaintiff also incorrectly contends that the statute of limitations on her claim did not begin to run until she suffered special damages. This contention was expressly rejected by the Georgia Court of Appeals in

Cunningham v. John J. Harte Assoc., 158 Ga. App. 774, 282, S.E.2d 219 (1981). Plaintiff's defamation claim should have been brought within one year from the date of the alleged defamatory action. Accordingly, this Court should dismiss with prejudice Plaintiff's untimely defamation claim.

## I.  Argument and Citation of Authority

### A. Plaintiff's defamation claim, which relates to the publishing of alleged defamatory credit information beginning in 2005, is time-barred.

As Plaintiff concedes in her response brief, her defamation claim is subject to the one-year statute of limitations for actions for injuries to reputation. See O.C.G.A. § 9-3-33. However, Plaintiff incorrectly contends that "the statute of limitation began to run when the Plaintiff suffered the special damage alleged in January, 2009." (See Response at p. 6.) Not surprisingly, Plaintiff does not cite to any statute or case law for her contention, which was expressly rejected by the Georgia Court of Appeals in Cunningham, 158 Ga. App. at 775, 282 S.E.2d at 220 (rejecting architectural firm's contention that its defamation claim did not accrue until injury occurred due to DeKalb County ceasing doing business with firm); see also Brewer v. Schacht, 235 Ga. App. 313, 317, 509 S.E.2d 378, 383 (noting that the plaintiff's contention that his cause of action for defamation did not arise until the injury occurred had been expressly considered and rejected in Cunningham). Rather, it is well-established that

a cause of action for defamation accrues on the date of the alleged defamatory act, not on the date the alleged injury occurred.  See also Davis v. Hospital Auth. of Fulton Co., 154 Ga. App. 654, 656, 269 S.E.2d 867, 870 (1980) (" . . . actions for injuries to the reputation, such as those asserted by the plaintiff in the instant case, must be brought within one year from the date of the alleged defamatory acts (regardless of whether or not plaintiff had knowledge of the act or acts at the time of their occurrence) . . .."); Yearwood v. Holloway, No. 3:04-CV-023, 2005 U.S. Dist. LEXIS 17078, at *12 (M.D. Ga. August 11, 2005).

Plaintiff's Complaint alleges that in July 2005, she learned that FIA was contending that she was responsible for the account at issue.  (Compl. at ¶ 28.)  She alleges that in November 2005, she received a personal credit report that referenced negative information regarding the account.  (Id. at ¶ 37.)  Thus, it is clear that the limitations period began, at the latest date, in November 2005, and Plaintiff's defamation claim in her August 2009 Complaint is time-barred.  Even considering Plaintiff's own allegations in the Complaint that her claim is based on alleged defamation occurring in 2007, her claim is still barred by the one-year statute of limitations.  (Id. at ¶ 93.)

To the extent Plaintiff attempts to resurrect her time-barred claim by citing to the continued reporting of the negative credit information in 2009, federal courts

analyzing similar facts have held that the statute of limitations on a defamation claim began to run with the first publication of the alleged defamatory credit information. See Ferber v. Jordon, 94 Civ. 3038, 1996 U.S. Dist. LEXIS 1210, at *17-18 (S.D.N.Y. Feb. 5, 1996) (holding that the continued reporting to credit bureaus was not a republication giving rise to a new cause of action); Gold v. Berkin, No. 00 Civ. 7940, 2001 U.S. Dist. LEXIS 1206, at *12-13 (S.D.N.Y. Feb. 9, 2001) (dismissing plaintiff's defamation claim with prejudice as time-barred).  It is clear from Plaintiff's own pleadings that the credit information at issue was initially reported by November 2005 at the latest, thus Plaintiff's defamation claim is time-barred.

## II.  Conclusion

For the reasons set forth above and in FIA's initial brief, FIA respectfully requests that Plaintiff's defamation claim be dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6).

Respectfully submitted this 11th day of December, 2009.

                          Respectfully submitted,

                          PARKER HUDSON RAINER & DOBBS LLP

                          s// Cinnamon V. Davis
                          William J. Holley, II
                          wholley@phrd.com
                          Georgia Bar No. 362310
                          Cinnamon V. Davis
                          cdavis@phrd.com
                          Georgia Bar No. 428505

                          Counsel for FIA Card Services, N.A.

285 Peachtree Center Avenue, N.E.
Suite 1500
Atlanta, GA  30303
(404) 523-5300
(404) 522-8409 (facsimile)

_____

This certifies that this Pleading meets the United States District Court for the Northern District of Georgia, Atlanta Division's Local Rule 5.1 regarding font size and margins. The font is Times New Roman 14 points; margins are 1.5 inches at the top and 1 inch on all other sides.

_____

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **FIA CARD SERVICES, N.A.'S REPLY BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS** upon the following CM/ECF participants via the CM/ECF electronic filing system:

>Alex Michael Barfield
>abarfield@hplegal.com,cfrancis@hplegal.com
>
>Tasheika Hinson
>thinson@jonesday.com,bvalmond@jonesday.com
>
>Cary Stuart King
>caryking@slaterking.com
>
>Jeremiah Richard Handschuh
>jeremy@gjacobslaw.com
>
>Cara Hergenroether
>chergenroether@kslaw.com

This 11th day of December, 2009.

>s// Cinnamon V. Davis
>Cinnamon V. Davis

285 Peachtree Center Avenue, N.E.
Suite 1500
Atlanta, GA  30303
(404) 523-5300
(404) 522-8409 (facsimile)
cdavis@phrd.com